JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WESCO AIRCRAFT HARDWARE CORP., | ) ) ) | CASE NO. CV12-9676-R |
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR EARLY DISCOVERY & DISMISSING PLAINTIFF'S 1ST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM |
| vs. | ) ) ) | |
| JOHN DOE, | ) ) | |
| Defendant. | ) ) | |

Presently before the Court is Plaintiff Wesco Aircraft Hardware Corporation's renewed Ex Parte Motion for Order Authorizing Early Discovery. Having considered Plaintiff's papers, the Court DENIES Plaintiff's motion and ORDERS the case dismissed for lack of personal jurisdiction.

**I. Analysis of Plaintiff's Motion for Early Discovery**

Plaintiff's First Amended Complaint and renewed Ex Parte Motion for Early Discovery comes after this Court denied Plaintiff's first Ex Parte application and Ordered Plaintiff to Show Cause why the case should not be dismissed for lack of personal jurisdiction. In deciding whether to allow a party to conduct early discovery in cases involving Internet users sued as "John Does," courts in the Ninth Circuit apply the Columbus test. Columbus Ins. Co. v. seescandy.com, 185 F.R.D. 573 (N.D. Cal. 1999). The third prong of this test requires the Plaintiff to demonstrate that its suit could withstand, at

minimum, a motion to dismiss. See SaleHoo Group, Ltd. v. ABC Co., 722 F. Supp. 2d 1210 (W.D. Wash. 2010)

One reason for dismissal under Federal Rule of Civil Procedure 12(b) is lack of personal jurisdiction. Liberally construed, Plaintiff alleges one fact upon which jurisdiction might possibly exist: Defendant John Doe sent an email to one of Plaintiff's employees. From that single fact, Plaintiff invites this Court to infer that Defendant must have unlawfully accessed Plaintiff's computer networks or unlawfully intercepted email communications. Merely sending an email communication, however, is not a tortious act under 18 U.S.C. §§§ 2511, 2701, or 1030. Plaintiff has not alleged that the content of the email was itself tortious, or alleged factual matter to support the claim that the email address was unlawfully obtained. Absent factual allegations of tortious conduct directed at Plaintiff in the State of California, Plaintiff cannot demonstrate the minimum contacts necessary to establish personal jurisdiction. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004); see also International Shoe Co. v. State of Wash., Office of Unemp. Comp. & Placement, 326 U.S. 310 (1945).

Further, even if Plaintiff's case did not fail there, the inferences drawn by Plaintiff are unreasonable, and therefore Plaintiff cannot state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff's allegedly secret email address is comprised of the commonplace form: firstname.lastname@company.com. Because the email structure is so easily guessed, it wouldn't take long for an anonymous jobseeker to construct the email address from publicly available information on the Internet. Plaintiff's contention that its email list must have been hacked or intercepted is a mere legal conclusion constructed by a series of inferences unsupported by factual allegations.

If Plaintiff has more facts to support the elements of the claimed torts, then Plaintiff may be able to state a claim for relief and allege personal jurisdiction; however, Plaintiff's reliance on the sole fact that an email reached its human resources director is insufficient to survive a motion to dismiss.

For the foregoing reasons, Plaintiff's 1st Amended Complaint is dismissed for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted.

January 7, 2013.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE